IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02520-DDD-KLM

OWNERS INSURANCE COMPANY, an Ohio corporation,

      Plaintiff,

v.

LENNAR CORPORATION, a Florida corporation,
CENTERLINE BUILDERS, LLC, a Colorado limited liability company,
UNITED SPECIALTY INSURANCE COMPANY, a Texas corporation,
KNIGHT SPECIALTY INSURANCE COMPANY, a Delaware corporation,
ARMANDO CEDENO'S CONSTRUCTION, a Colorado trade name,
NAVIGATORS INSURANCE COMPANY, a Delaware corporation,
CR AND G CONSTRUCTION, a Colorado trade name
TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, a Connecticut corporation,
GLOBAL ONE, INC., a Colorado corporation,
GONZALEZ CONSTRUCTION, a Colorado trade name,
SECURITY NATIONAL INSURANCE COMPANY, a Delaware corporation.
HOLGUIN CONSTRUCTION, INC., a Colorado corporation,
PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, LLC, a Montana limited liability company,
JF CONSTRUCTION, an unregistered Colorado trade name, also known as JF Construccion,
PINEDO CONSTRUCTION, a Colorado limited liability company,
BUILDERS AND TRADESMENS INSURANCE SERVICES, INC., a California corporation,
Z AND S PRECISION FRAMING, a Colorado limited liability partnership, also known as ZNS Precision Framing, and
NATIONAL GENERAL INSURANCE COMPANY, a Missouri corporation, formerly known as Farmers Union Insurance,

      Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Unopposed Motion for Substituted**

**Service and Enlargement of Time to Serve Armando Cedeno's Construction, JF**

Construction, and Gonzalez Construction [#69]¹ (the "Motion").  For the reasons stated below, the Motion [#69] is **DENIED as moot in part, DENIED without prejudice in part and GRANTED in part**.

## I.  Background

This matter arises out of a construction defect dispute involving Defendant Lennar Corporation ("Lennar") and four homes Lennar built in Aurora, Colorado.  *See Compl.* [#1]; *Motion* [#69] at 2.  Plaintiff filed the Complaint [#1] on September 16, 2021, seeking to require Defendants to defend and indemnify Defendant Lennar in the underlying dispute.  *Id.*  At the time the Motion [#69] was filed, all Defendants except for AC Construction, JF Construction, and Gonzalez Construction had been successfully served. *Motion* [#69] at 3.  On December 15, 2021, the Court granted Plaintiff's Motion [#43] to extend the service deadline for the three unserved parties through January 26, 2022. *Minute Order* [#49].

In the present Motion [#69], Plaintiff seeks leave to serve Defendants AC Construction and JF Construction with the Complaint [#1] and Summons [#3] via substituted service and requests a sixty-day extension from the date of this order to effectuate such service.  *Motion* [#69] at 3.  Plaintiff also seeks an enlargement of time of sixty days from the date of this order to complete service on Defendant Gonzalez Construction.  *Id.*  In general, Plaintiff asserts that granting such leave is appropriate because diligent efforts were undertaken on multiple occasions to serve these Defendants, it is reasonable to anticipate that service will continue to be avoided, and

---

¹ "[#69] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  This convention is used throughout this Order.

further efforts to obtain personal service would be to no avail.  *Id.*

## II.  Legal Standard

Fed. R. Civ. P. 4(h) governs service of a corporation.  It states that a corporation may be served by "delivering a copy of the summons and of the complaint to an officer or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  Fed. R. Civ. P. 4(h)(1)(B).

Alternatively, Fed. R. Civ. P. 4(h)(1)(A) provides that a corporation may be served according to Fed. R. Civ. P. 4(e)(1), the rule for service of an individual.  Fed. R. Civ. P. 4(e)(1) provides that an individual "may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."

For individuals using a Colorado trade name, like Defendants here, Colorado law requires service "by delivering a copy of [the summons] to the registered agent for service," or to the equivalent of an officer, partner, manager, member, or trustee.  Colo. R. Civ. P. 4(e)(1)(F).  Colorado law permits "service by mail or publication" but "only in actions affecting specific property or status or other proceedings in rem" and only after the serving party files a verified motion seeking permission.  Colo. R. Civ. P. 4(g).  When service by mail or publication is not otherwise permitted, Colo. R. Civ. P. 4(f) allows for substitute service but also requires the serving party to file a motion requesting such service that demonstrates due diligence in attempting to serve the identified party.  Additionally, the movant must show that substituted service is "appropriate under the circumstances and reasonably calculated to give actual notice to the defendant."  *Willhite*

*v. Rodriguez-Cera*, 274 P.3d 1233, 1240-41 (Colo. 2012) (quoting Colo. R. Civ. P. 4(f)).

## III.  Analysis

### A.    Substituted Service

Substituted service is appropriate under Colo. R. Civ. P. 4(f) under the following

circumstances:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service.  The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall: (1) authorize delivery to be made to the person deemed appropriate for service, and (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.  Service shall be complete on the date of delivery to the person deemed appropriate for service.

### 1.    Defendant AC Construction

On March 20, 2022, after the present Motion [#69] was filed, Plaintiff was able to

serve Defendant AC Construction. *See Summons* [#110].  Because Armando Cedeno

has purportedly been personally served, there is no need for alternative service on

"Manuel" or the unspecified person at an alternative Aurora, Colorado address, as Plaintiff

requested in its Motion [#69].  As discussed below in Section III.B., the Court finds the

sixty-day extension Plaintiff requests in its Motion [#69] to be appropriate, and Defendant

AC Construction was served before the new deadline.  Thus, to the extent Plaintiff asks

for substituted service on Defendant AC Construction, the Motion [#69] is **denied as**

moot.

### 2.    Defendant JF Construction

With respect to Defendant JF Construction, Plaintiff states that diligent efforts were made by (1) attempting two separate times to serve Defendant JF Construction, through its owner Francisco Espinoza ("Espinoza"), at its principle place of business, (2) attempting to serve Defendant JF Construction at an alternate addresses found by a private investigator, a residence occupied by Angelica Perez ("Perez"), Mr. Espinoza's wife, who claimed to be separated from Mr. Espinoza and unaware of when he would next visit, (3) calling Mr. Espinoza on many different telephone numbers related to him, eventually reaching him and receiving an email address from him but no other contact information and (4) emailing Mr. Espinoza at the email address he provided, but without any responsive correspondence. *Motion* [#69] at 9-10; *see also* [#69-6] (Affidavit of Non-Service detailing service agent's conversation with Ms. Perez). Because of this, Plaintiff states that "any future service attempts on JF Construction would be futile" and therefore asks the Court to issue an order permitting substitute service. *Id.* at 7. As discussed below, the Court finds that Plaintiff has met the requirements for substituted service under Colo. R. Civ. P. 4(f) regarding Defendant JF Construction.

Plaintiff has submitted a "motion, supported by an affidavit of the person attempting service" which demonstrates "the efforts made to obtain personal service and the reason personal service could not be obtained," *see* [#69-3], and Plaintiff does "identify the person to whom the party wishes to deliver the process," Ms. Perez, concerning the proposed substitution of service request. *See Motion* [#69]; Colo. R. Civ. P. 4(f). The proposed address, 494 E. Highline Circle, Centennial, Colorado 80122, is where Ms.

Perez resides and an address where Mr. Espinoza occasionally visits. *Motion* [#69] at 9; [#69-6] (Affidavit of Non-Service stating Ms. Perez lives at the address and Mr. Espinoza sometimes visits their children there). Ms. Perez is Mr. Espinoza's wife, although separated, and they have children together whom Mr. Espinoza sometimes visits, demonstrating that Ms. Perez presumably has contact with Mr. Espinoza. *Id.*; *see also* [#69-6]. The Court finds that Plaintiff has properly submitted a motion that meets the three base requirements set out by Colo. R. Civ. P. 4(f) and next examines whether the due diligence and futility requirements have been established, and whether Ms. Perez is an appropriate alternative for service.

Regarding the due diligence and futility requirements, Plaintiff has set forth the efforts it has taken to effect personal service on Mr. Espinoza. As explained above, Plaintiff has gone to considerable lengths to serve Mr. Espinoza including attempting service multiple times at multiple addresses, hiring a private investigator to help locate Mr. Espinoza, calling numerous telephone numbers to try and reach Mr. Espinoza, and emailing Mr. Espinoza at an email address he provided, but failing to receive any useful correspondence. *Motion* [#69] at 9-10. The Court finds that Plaintiff's unsuccessful efforts at service are sufficient to establish the due diligence and futility required by Colo. R. Civ. P. 4(f). *See Penn-Star Ins. Co. v. Bus. Futures, Inc.*, No. 21-cv-01256-RM-NYW, 2021 WL 5071822, at *4 (D. Colo. Sep. 14, 2021) (finding due diligence and futility where the plaintiff hired two firms to help locate the defendant and attempted service multiple times at multiple locations); *Matthews v. Candie*, No. 20-cv-00139-PAB-NYW, 2020 WL 3487850, at *3 (D. Colo. June 26, 2020) (finding due diligence and futility where the plaintiff hired a private investigator and attempted service multiple times at multiple

locations).

Plaintiff must also show that substituted service on Ms. Perez is appropriate and reasonably calculated to give actual notice to Mr. Espinoza.  Colo. R. Civ. P. 4(f).  Plaintiff asserts that because Ms. Perez is the wife of Mr. Espinoza, and the two have children together whom Mr. Espinoza sometimes visits, substituted service on Ms. Perez is appropriate.  *Motion* [#69] at 9-10; *see also* [#69-6] (Affidavit of Non-Service stating that Ms. Perez is the separated wife of Mr. Espinoza, and Mr. Espinoza sometimes visits Ms. Perez to see their children).

Plaintiff cites *United States v. Elsberg*, No. 08-cv-00552-MSK-KLM, 2009 WL 2176628, at 4* (D. Colo. July 22, 2009), where the court found substituted service at the residence of the defendant's wife and two daughters was appropriate.  In that case, the court reasoned that it was likely that the defendant's wife and daughters would know his whereabouts and contact information and would inform him of the summons.  *Id.*  In the present case, however, the only evidence provided is that Ms. Perez is separated from Mr. Espinoza, and that she does not seem to know his exact whereabouts.  While Ms. Perez is presumably in contact with him, as she said that Mr. Espinoza sometimes visits her home and has a relationship with their children, this contact appears to be limited as Ms. Perez does not even know when Mr. Espinoza is in town.  *Motion* [#69] at 9-10; *see also* [#69-6] (Affidavit of Non-Service detailing service agent's conversation with Ms. Perez in which she states she is separated from Mr. Espinoza, and while he visits her residence occasionally, she never knows when he will be in town).  Additionally, Mr. Espinoza is said to have moved to Nevada over a year ago, which jeopardizes the chance that service on Ms. Perez would alert Mr. Espinoza within a reasonable enough time to

respond to the summons. *See* [#69-6] (Ms. Perez states that Mr. Espinoza moved to Nevada approximately a year ago). Mr. Espinoza would have twenty-one days to respond to the summons, starting when service was completed on Ms. Perez. Fed. R. Civ. P. 12(a)(1)(A); Colo. R. Civ. P. 4(f). Given the limited information on the amount of contact Ms. Perez has with Mr. Espinoza, there is considerable doubt that service delivered to Ms. Perez would reach Mr. Espinoza in time for him to respond by the twenty-one-day deadline.

In *Matthews v. Candie*, 2020 WL 3487850 at *3, the court denied without prejudice a motion for substituted service on a defendant's sister or mother. In that case, the court found that a lack of factual support about the relationship between the family members, including whether the defendant regularly visited his family, precluded the court from finding that substitute service on his sister or mother would be reasonably calculated to give notice. *Id.* Here, given the lack of information on the relationship and level of contact between Mr. Espinoza and Ms. Perez, the Court finds, based on the information before it, that substituted service on Ms. Perez is not appropriate and reasonably calculated to give actual notice to Mr. Espinoza. *See* Colo. R. Civ. P. 4(f). Accordingly, the Motion [#69] is **denied without prejudice** to the extent that the Court finds substituted service on Ms. Perez is not appropriate under Colo. R. Civ. P. 4(f).

## B.   Extension of Time for Service

In the Motion [#69], Plaintiff describes its extensive efforts to serve Defendants AC Construction, JF Construction, and Gonzalez Construction. Given these efforts and the accompanying demonstration of diligence, the Court finds that Plaintiff has shown good cause to extend the service deadline, and therefore the Motion [#69] is **granted** to the

extent that the deadline for Plaintiff to serve Defendants AC Construction, JF Construction, and Gonzalez Construction is extended to **June 21, 2022**.

### IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#69] is **DENIED as moot in part, DENIED without prejudice in part, and GRANTED in part**.  The Motion is **denied as moot** to the extent Plaintiff asks for alternative service with respect to Defendant AC Construction.  The Motion is **denied without prejudice** to the extent Plaintiff asks for alternative service with respect to JF Construction.  The Motion is otherwise **granted**, as outlined above.

DATED: April 22, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

9