IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-02520-CNS-KAS

OWNERS INSURANCE COMPANY, an Ohio corporation,

    Plaintiff,

v.

LENNAR CORPORATION, a Florida corporation, *et al.*,

    Defendants.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

Before the Court are three motions for summary judgment—one by Defendants QBE Insurance Corporation (QBE) and National General Insurance Company (NGIC) (ECF No. 320); one by Defendant Security National Insurance Company (SNIC) (ECF No. 321); and one by Plaintiff Owners Insurance Company (ECF No. 322). As discussed below, the Court finds that these competing motions are rife with fact disputes, and therefore, summary judgment is inappropriate.

### I.   BACKGROUND

Plaintiff Owners Insurance Company initiated this lawsuit in September 2021, initially suing 19 Defendants, including Lennar Corporation. Only three Defendants remain—QBE, NGIC, and SNIC. Owners alleges that Defendants ducked their obligations to defend Lennar Colorado, LLC, the general contractor of a housing development in the

1

Blackstone Country Club community in Aurora, Colorado, after four sets of homeowners alleged construction defects against Lennar Colorado.

The timeline of key events is as follows[1]:

- In January 2011, Lennar Colorado and Centerline Builders, LLC entered a subcontract, purportedly to complete the framing for the Blackstone housing development (ECF No. 322, ¶ 1; ECF No. 340, ¶ 1).

- Between December 29, 2011, and September 5, 2012, Centerline subcontracted with Julio Herrera d/b/a Z and S Precision Framing a/k/a ZNS Precision Framing (ZNS), Armando Cedeno's Construction (Cedeno), Gonzalez Construction (Gonzalez), and Pinedo Construction (Pinedo) (collectively, the Subcontractors). For the instant purposes, QBS agrees that is responsible for the insurance policy issued to ZNS in 2011 (ECF No. 341, ¶ 14). SNIC insured the other three Subcontractors (ECF No. 340, ¶¶ 5–7).

- Between December 2012 and February 2013, Lennar Colorado sold homes to the four sets of homeowners who eventually alleged construction defects (ECF No. 322, ¶ 12).

- Just over five years later, in January 2018, the homeowners served Lennar Colorado with four Notices of Claims (the Claims) as required by Colorado's Construction Defect Action Reform Act (CDARA) (*id.*, ¶ 22).

- In April 2019, after the parties were unable to settle the Claims, the homeowners submitted the Claims against Lennar Colorado to the American Arbitration Association (*id.*, ¶ 26).

- On October 22, 2020, Owners' counsel, on behalf of Lennar Colorado, sent a tender letter to Defendants via certified mail with return receipt requested (ECF No. 326-5). SNIC argues the tender was ineffective (ECF No. 340, ¶ 29), and QBE denies ever receiving the letter (ECF No. 341, ¶ 29). Owners admits that it never received return receipts from ZNS or its insurer, but it argues the tender was effective (ECF No. 338, ¶ 17).

---

[1] The Court provided a fulsome background of this case in its order on Owners' Motion for Leave to Amend the Scheduling Order to Extend the Deadline to Amend the Pleadings to Include the Claims Assigned by Lennar Corporation to Owners Insurance Company (ECF No. 364). The Court will not repeat that background in this order, except to cover key timeline of events.

2

- In March 2021, the three-week arbitration for all four homes commenced (ECF No. 322, ¶ 31). The arbitration panel issued its interim awards in June 2021, and its final awards in September 2021 in favor of the homeowners and against Lennar Colorado (*id.*, ¶¶ 32, 34–35).

## II. LEGAL STANDARDS GOVERNING SUMMARY JUDGMENT

Summary judgment is warranted when (1) the movant shows that there is no genuine dispute as to any material fact and (2) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Allen v. Muskogee, Okla.*, 119 F.3d 837, 839 (10th Cir. 1997); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact is material if under the substantive law it is essential to the proper disposition of the claim.'" *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (quotations omitted)). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *see also Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

"To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 876 (10th Cir. 2004). The factual record and reasonable inferences must be construed in the light most favorable to the nonmoving party. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). The moving party bears "the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law." *Adler*, 144 F.3d at 670–71. If met, "the

burden shifts to the nonmovant to go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* at 671 (citations and quotations omitted).

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50 (citations omitted).

## III.  ANALYSIS

### A.  QBE and NGIC's motion for summary judgment (ECF No. 320)

QBE and NGIC ask this Court to grant summary judgment in their favor on all claims (ECF No. 320 at 20). In doing so, they present seven arguments: (1) Owners did not sue the right parties; (2) Owners' subrogation and declaratory judgment claims are moot because Owners has been fully reimbursed; (3) Owners' assigned claims from Lennar Corporation are not actionable; (4) Owners cannot meet its burden to show that it tendered the Notices of Claims to QBE and NGIC prior to filing this lawsuit; (5) Colorado's Anti-Indemnification statute precludes coverage to any Lennar entity as an additional insured; (6) Owners cannot prove that any Lennar entity was owed additional insured coverage; and (7) there is no evidence of bad faith (ECF No. 320 at 11–20).

As noted above, QBE and NGIC's motion is rife with genuine material factual disputes. Indeed, of their 36 purported *undisputed material facts*, Owners only admits approximately eight of those facts. For example, the parties dispute whether QBE or NGIC received notice of the homeowners' claims prior to Owners filing this lawsuit (*compare* ECF No. 320, ¶¶ 18–20, *with* ECF No. 338, ¶¶ 18–20). They also do not agree on the most basic terms of the subcontract (*compare* ECF No. 320, ¶¶ 28, 30–31, *with* ECF No. 338, ¶¶ 28, 30–31).[2]

However, at the very least, Defendants ask that NGIC be dismissed because NGIC bears no responsibility for ZNS's insurance policy (ECF No. 320 at 20). In response, Owners did not oppose the voluntary dismissal if QBE affirmatively verified that it is financially responsible for the policy described in the declaration pages it disclosed and any liability on behalf of ZNS (ECF No. 338 at 21). QBE agreed (ECF No. 350 at 16; ECF No. 341, ¶ 14). Accordingly, NGIC is dismissed from this lawsuit, but otherwise QBE and NGIC's motion is denied.

B.   **SNIC's motion for summary judgment (ECF No. 321)**

SNIC raises several arguments in its motion, including that (1) Owners' claims against SNIC fail for lack of coverage under SNIC's policies; (2) Lennar is not an additional insured under SNIC's policies; (3) the pre-tender amounts allegedly incurred by Owners are impermissible voluntary payments; (4) Lennar's crossclaims fail because Lennar was not sued in the underlying arbitration, and Lennar's crossclaims are

---

[2] Regardless, the Court concludes that genuine issues of material fact exist as to all of the challenged claims. In reaching this conclusion, the Court renders no conclusion as to the clearly minimal nature of Owners' alleged damages on these claims.

contingent upon on premises that never materialized; and (5) SNIC did not owe a duty to defend Lennar under any of its policies (ECF No. 21 at 10–21).

Like the previous motion, this one too is rife with factual disputes. For example, the parties do not agree on key language in the Master Subcontract Agreements, such as who the "Owner" of the "Project" was or even what the "Project" was (*compare* ECF No. 321 at 6–7, 12–13 (arguing that Blackstone is never identified as the Project, and Lennar is never identified as the Owner), *with* ECF No. 342 at 7, 11–12 (arguing that Lennar was the Owner and Blackstone was the Project because that is the only reasonable explanation)).[3] The parties also disagree over whether an entity has been a party to this action, a fact rarely in dispute (*compare* ECF No. 321, ¶ 26 ("Lennar Colorado is not, and never has been, a party to this action"), *with* ECF No. 342, ¶ 26 ("Denied," arguing that Owners broadly defined "Lennar Corporation" in its Complaint)).[4]

Because of the plethora of genuine material fact disputes, summary judgment is not warranted.

### C.     Owners' partial motion for summary judgment (ECF No. 322)

Owners seeks an order from the Court finding that Defendants had a duty to defend Lennar, that they breached that duty, and thus Defendants are liable for the full arbitration award (ECF No. 322). For several reasons, SNIC and QBE deny that they had a duty to

---

[3] That Owners appears to have the stronger argument does not eliminate the many factual disputes that remain.

[4] The Court notes its recent ruling on Owners' Motion for Leave to Amend the Scheduling Order to Extend the Deadline to Amend the Pleadings to Include the Claims Assigned by Lennar Corporation to Owners Insurance Company (ECF No. 364) may resolve this issue.

6

defend (ECF Nos. 340, 341). They also deny that they are responsible for the full arbitration award.

Like the previous two motions, Owners' motion is riddled with genuine material fact disputes. One such example is whether a contract exists which obligated Defendants to defend Lennar (*see* ECF No. 340 at 16–20 (arguing that Owners cannot establish the "existence of a written contract" which obligated the subcontractors to defend Lennar, even if the subcontractors' scope of work potentially was implicated by the homeowners' Claims)); ECF No. 341 at 3, 17 ("Owners has not identified any written agreement under which Mr. Herrera [or ZNS] agrees to add Lennar LLC as an additional insured.")). Although the determination of a duty to defend is a question of law, the "existence of a contract is a question of fact." *Tuscany Custom Homes, LLC v. Westover*, 490 P.3d 1039, 1049 (Colo. App. 2020).

Another example of a genuine material fact dispute is whether Lennar, or Owners on behalf of Lennar, provided timely and effective notice to Defendants of the homeowners' Claims (*see* ECF No. 341 at 23 ("The facts regarding the tender are that Lennar LLC never tendered to NFU, Mr. Herrera, QBE, or NGIC at any point – not prior to the arbitration, not during the arbitration, not after the arbitration resolved, not prior to this lawsuit, or during this lawsuit. . . . [The October 22, 2020] tender was purportedly sent by certified mail, return receipt requested, but Owners has never produced a receipt that shows the tender was ever delivered . . . ." (emphasis in original))). *See United Car Care, Inc. v. Travelers Cas. & Sur. Co. of Am.*, No. CIVA06CV-00009-WYD, 2006 WL 3488005,

7

at *2 (D. Colo. Dec. 1, 2006) ("material facts in dispute concerning whether Plaintiff gave notice" made summary judgment improper).[5]

* * *

In summary, "[s]ummary judgment is a drastic remedy, and it should only be granted when" there is an absence of genuine material fact disputes. *Klabon v. Travelers Prop. Cas. Co. of Am.*, No. 22-CV-02557-NRN, 2023 WL 3674970, at *6 (D. Colo. May 26, 2023) (quoting *People ex rel. Rein v. Meagher*, 465 P.3d 554, 559 (Colo. 2020)). Because these motions are replete with fact disputes, summary judgment is not warranted.[6]

---

[5] Owners' argument that the Subcontractors failed to participate in the allocation of damages is somewhat disingenuous because Owners admits that there was an actual allocation at the arbitration, and Defendants' assumed percentages were minimal (ECF No. 326 at 7–8, 29; ECF No. 341 at 29).

[6] Assuming *arguendo* that Owners can show that Lennar was an additional insured under Defendants' policies, and further that Defendants received adequate notice of the Claims, a duty to defend may exist in this case. "Generally, the duty to defend arises where the alleged facts even *potentially* fall within the scope of coverage . . . ." *Const. Assocs. v. New Hampshire Ins. Co.*, 930 P.2d 556, 563 (Colo. 1996) (emphasis in original). That said, the Court has serious doubts as to the damages, if any, Owners may have incurred. Lennar's own expert, Vertex, allocated the costs of repair as part of the arbitration. Of the $2,845,507 awarded to the homeowners (ECF No. 350-7), Vertex only allocated approximately $7,000—or .25% of the $2.8 million—*to Centerline*, and it must be further allocated to the remaining Subcontractors (ECF No. 326 at 7–8, 29; ECF No. 341 at 29). Owners does not dispute this (ECF No. 353 at 4). Yet Owners seeks the full amount of the arbitration award, fees, and costs, which collectively appears to be $3,747,915, against Defendants (ECF No. 322 at 22).

## IV. CONCLUSION

Consistent with the above, the parties' competing motions for summary judgment (ECF Nos. 320, 321, and 322) are DENIED.[7]

DATED this day of 5th day of February 2024.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[7] The Court is aware of the voluminous briefing in this matter and encourages the parties to discuss a resolution. If the parties are interested in a settlement conference with United States Magistrate Judge Kathryn Starnella, the parties are permitted to contact her chambers directly to schedule the conference; the parties are not required to file a separate motion with this Court pursuant to CNS Civ. Practice Standard 16.6(b).